## DAVID S. SHEHADY v. UNITED STATES

No. 5081.—Invoice dated San Juan del Rio, Mexico, March 1, 1939.
Entered at El Paso, Tex., March 29, 1939.
Entry No. 1463.

(Decided January 7, 1941)

Plaintiff not represented by counsel.
Charles D. Lawrence, Acting Assistant Attorney General (Joseph E. Weil and Daniel I. Auster, special attorneys), for the defendant.

DALLINGER, Judge: This appeal to reappraisement involves the question of the dutiable value of a certain shipment of merchandise invoiced as "576 Reatas de 16" imported from Mexico and entered at the port of El Paso, Tex., in March 1939, as "12 bales containing Ixtle rope." The merchandise was invoiced and entered at 70 cents each, Mexican currency, and was appraised at 85 cents each, Mexican currency.

At the hearing, held before me at El Paso, Tex., on March 28, 1940, the plaintiff was not represented by counsel. He testified in his own behalf that he bought the merchandise at bar from a man named Manuel Prieto whose place of business is at San Juan del Rio, Mexico; that he paid 70 centavos for each piece; that the said Manuel Prieto was the party from whom the witness had been purchasing similar merchandise for approximately 4 years; that he had purchased such merchandise in smaller quantities but always at the same price and that he had never made any inquiry as to other people who sold similar merchandise.

At this juncture the witness offered in evidence an alleged price list apparently published by the said Prieto, printed in the Spanish language, which document was marked exhibit 1 for identification. The witness also offered in evidence an alleged invoice of similar merchandise to another importer, also in the Spanish language, which, together with a Treasury Department receipt, was marked collective exhibit 2 for identification. There were also offered in evidence by the witness certain papers to corroborate his testimony that he had repeatedly paid the same price for the same merchandise regardless of the amount purchased, which documents were admitted in evidence

as collective exhibit 3; and a price list, similar to the one first offered, accompanying a letter from the seller, dated July 27, 1938, was admitted in evidence as collective exhibit 4.

On cross-examination the witness testified that he did not know what other importers were paying for similar merchandise; and that he did not consider that that was any of his business.

The Government offered in evidence the testimony of Pedro Pinon who testified that he was a buyer for Henry Beach an importer of Mexican goods; that in pursuance of his duties he made it his business to inquire about the prices of Ixtle rope from time to time; that he had purchased such rope from Manuel Prieto of San Juan del Rio; that in behalf of Henry Beach he had purchased reatas of the same quality as the merchandise at bar from said Prieto in January and also in April 1939; and that on April 22, 1939 he purchased 388 reatas at the price of 85 centavos each.

The plaintiff, David S. Shehady, was permitted to cross-examine the Government witness. The latter testified in part as follows:

X Q. You mentioned that you have been purchasing these reatas for the past ten years, at 85 centavos?—A. Well, some years ago, it might be a little cheaper. We used to buy them at 10 pesos, for almost nothing. That was the old price ten years ago, 10 pesos per dozen—about 82 cents.

On redirect examination the witness testified:

By Mr. WEIL.

R. Q. Did Mr. Prieto know that you were buying in wholesale quantities; or were you buying in wholesale quantities?—A. I know him personally.

R. Q. Were you buying in wholesale quantities?—A. Yes.

At the close of the testimony the importer was given 30 days within which to file a brief, but no brief has been filed by him or in his behalf.

Upon this record counsel for the Government in his brief filed herein contends that none of the exhibits in the case, all of which are in the Spanish language and not translated, has any merit in proving a value for the merchandise different from that found by the appraiser. We agree with such contention. As stated by the United States Court of Customs and Patent Appeals in *United States* v. *Wheeler, Elder & Elder et al.*, 17 C. C. P. A. 279, T. D. 43691: "This court should not be expected to secure translations of exhibits, and wherever an exhibit in a foreign language is received in evidence   *   *   *   a translation should accompany the exhibit."

From the entire record I find that not only has the plaintiff failed to sustain the burden resting upon him to prove a value for the imported merchandise different from that found by the appraiser, but from the testimony of the Government witness the appraised value is shown to be the correct value of the merchandise.

The appeal is therefore dismissed and judgment will be rendered accordingly.